WELCH, J.,
Dissenting.
hi respectfully disagree with the majority opinion in this case. The nonsolicitation of employees clause runs afoul of this State’s longstanding public policy against agreements in restraint of trade or business. It is, therefore, null and unenforceable pursuant to La. R.S. 23:921 and, thus, CDI Corporation was not legally entitled to a preliminary injunction enjoining Mr. Hough and H & K from directly or indirectly soliciting or hiring any employee of CDI Corporation. Accordingly, that portion of the October 17, 2007 judgment of the trial court should be reversed and this case remanded for further proceeding.
Louisiana Revised Statutes 23:921(A)(1) provides that “[ejvery contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.” The non-solicitation of employees clause in this case is an agreement by which Mr. Hough is restrained from exercising a lawful profession, trade, or business of any kind. The prohibition against agreements by which anyone is restrained from exercising a lawful profession, trade, or business, applies to all components of the profession, trade, or business. The solicitation and hiring of qualified employees for a business enterprise is a part of a successful and competitive business’s operations. The non-solicitation of employees clause subjects Mr. Hough to post-employment restrictions and prohibits him from performing an essential function of his new competitive business — the recruitment and hiring of qualified employees knowledgeable in the field of engineering.
|2In addition to limiting Mr. Hough’s ability to solicit and hire CDI Corporation employees, the non-solicitation of employees clause also prevents him from hiring qualified employees who may have voluntarily left CDI Corporation for other employment opportunities (for instance, Kim Pham and Mai Trong, who left CDI Corporation, sought employment elsewhere, and thereafter contacted Mr. Hough about employment at H & K) or from hiring qualified employees who were fired or otherwise tercninated by CDI Corporation. The non-solicitation of employees also has the effect of restraining Mr. Hough’s former co-employees from exercising a lawful profession, trade, or business since Mr. Hough is not allowed to advise them of *295 competitive opportunities. These restrictions are in derogation of the public policy premised on the fundamental right of individuals to seek success in our free enterprise society. See Kimball v. Anesthesia Specialists of Baton Rouge, Inc., 2000-1954, p. 7 n. 9 (La.App. 1st Cir.9/28/01), 809 So.2d 405, 411 n. 9, writs denied, 2001-3316 and 2001-3355 (La.3/8/02), 811 So.2d 883 and 886.
In finding that the non-solicitation of employees clause is enforceable, the majority reasons that the clause does not prevent Mr. Hough from exercising his trade, profession, or business, because it assumes that Mr. Hough will compete with CDI Corporation, and that the agreement merely restricts those whom he can recruit for his new company. This is simply not correct. The agreement signed by Mr. Hough also contained a non-competition clause (and a non-solicitation of the company’s customers clause). Although those clauses, as written, are unenforceable under Louisiana law, the existence of those clauses in the agreement undermines the majority’s premise that the agreement assumed Mr. Hough would compete with CDI Corporation.
Furthermore, in concluding that the non-solicitation of employees clause is enforceable, the majority erroneously relies on Smith, Barney, Harris Upham & [3Co., Inc. v. Robinson, 12 F.3d 515 (5th Cir.1994) and the Fifth Circuit’s flawed interpretation of La. R.S. 23:921. First and foremost, Smith, Barmy, Harris Upham & Co., Inc. is factually distinguishable from the present case in that the non-solicitation of employees agreement was more narrowly tailored than the non solicitation of employees clause in this case. The non-solicitation of employees agreement in Smith, Barney, Harris Upham & Co., Inc. only prohibited Mr. Robinson from soliciting employees; however, the non-solicitation of employees clause' in this case not only purports to prevent Mr. Hough from soliciting employees of the company, but also purports to prevent Mr. Hough from hiring any employees of the company, including those who may voluntarily contact him regarding employment. Additionally, the non-solicitation of employees agreement in Smith, Barney, Harris Upham & Co., Inc. was only triggered in the event Mr. Robinson became employed by a competing organization,, whereas the non solicitation of employees clause in this case purports to prevent Mr. Hough from soliciting employees of the company for any purpose. And, the non-solicitation of employees agreement in Smith, Barney, Harris Upham & Co., Inc. was limited to a small geographic area, whereas the non-solicitation of employees clause in the agreement in this cáse is not limited to any geographic area.
Additionally, the Fifth Circuit’s application and interpretation of La. R.S. 23:921 in Smith, Barney, Harris Upham & Co., Inc. was incorrect. In reaching the conclusion that the agreement did not restrain Mr. Robinson from exercising his trade or profession, the Fifth Circuit erroneously focused on the extent of the restraint rather than the existence of the restraint. The court reasoned that Mr. Robinson’s agreement was “narrowly tailored” and ás such, it did not “generally restrain” or prohibit him from recruiting employees for Morgan Keegan. Smith, Barney, Harris Upham & Co., Inc., 12 F.3d at 519. However, La. R.S. 23:921 applies not only to narrowly tailored agreements, but to every contract or |4agreement that restrains, in any way, the exercise of a profession, trade, or business. Thus, it is the existence of a' restraint on the exercise of the profession, trade, or business that triggers the application of La. R.S. 23:921, not the extent of that restraint.
*296 Additionally, the Fifth Circuit incorrectly concluded that the Legislature did not intend to include agreements not to solicit employees within the kinds of agreements prohibited by La. R.S. 23:921. As the majority stated, the Fifth Circuit noted “in passing” that La. R.S. 23:921(0 mentions engaging in a similar business and soliciting customers, but did not mention soliciting fellow employees. The Fifth Circuit considered that omission an “implicit legislative recognition” that a narrowly tailored agreement not to solicit employees of the employer was not among the kinds of agreements covered by the statute, and therefore, the agreement in the case was not governed by La. R.S. 23:921. Thus, they construed the Legislature’s failure to specifically include agreements not to solicit employees within the statutory language of La. R.S. 23:921 to mean that the Legislature did not intend La. R.S. 23:921 to be applicable to such agreements. Id.
However, such an interpretation of La. R.S. 23:921 in this regard ignores several important rules regarding statutory construction. When the Legislature specifically enumerates a series of things, the Legislature’s omission of other items, which could have easily been included in the statute, is deemed intentional. State, Through Dept. of Public Safety and Corrections, Office of State Police, Riverboat Gaming Div. v. Louisiana Riverboat Gaming Com’n and Horseshoe Entertainment, 94-1872, p. 17 (La.5/22/95), 655 So.2d 292, 302. Louisiana Revised Statutes 23:921 starts with a broad and general premise in subparagraph (A)(1) that every contract or agreement by which anyone is restrained from exercising a lawful profession, trade, or business is null and void. Specific exceptions to this the rule are set forth in the remainder of the statute, with the 1 ¡^statute specifically defining the limited circumstances under which an agreement that restrains someone from exercising a profession, trade, or business agreements may be valid. See Kimball, 2000-1954 at p. 6, 809 So.2d at 410. Thus, the correct interpretation of La. R.S. 23:921 is that the Legislature intended to include within the general prohibition all restraints on the exercise of a trade or business not specifically excepted under the statute. Therefore, contrary to the pronouncement by the Fifth Circuit in Smith, Barney, Harris Upham & Co., Inc., if an agreement to not solicit employees is not among the exceptions listed in La. R.S. 23:921 to the general rule set forth in La. R.S. 23:921(A)(1), then such agreements are prohibited to the extent they restrain a person from the exercise of a lawful profession, trade, or business.
Because the non-solicitation of employees clause in this case is an agreement that restrains Mr, Hough from exercising a lawful profession, trade, or business, it is unenforceable.
Thus, I respectfully dissent.